## In re HATCH.

(District Court, D. Massachusetts. April 2, 1926.)

No. 31519.

Internal revenue ⬅➡7—Cost of improvement and repair to business premises under lease executed in 1919, but not effective until 1920, held not deductible from lessee's 1919 income as expenses of business (Revenue Act 1918, § 214[a], being Comp. St. Ann. Supp. 1919, § 6336⅛g).

The cost of improvements and repairs to business premises, which lessee contracted to pay in a lease signed November 28, 1919, but which was to take effect from February 1, 1920, and under which no payments were made until 1920, held not allowable as deductions by the lessee from his income for 1919 as expenses of his business, under Revenue Act 1918, § 214(a) being Comp. St. Ann. Supp. 1919, § 6336⅛g.

In Bankruptcy. In the matter of Walter M. Hatch, bankrupt. On review of order of referee allowing claim of Malcolm E. Nichols, Collector of Internal Revenue, for income taxes. Affirmed.

Joseph W. Worthen, of Boston, Mass., for trustee.

Marcus M. Morton, Jr., Asst. U. S. Atty., of Boston, Mass., for creditor.

BREWSTER, District Judge. This case is presented on certificate of the referee allowing a claim against the bankrupt estate made by Malcolm E. Nichols, collector of internal revenue for the district of Massachusetts, for additional income tax assessed under the Revenue Act of 1918 (40 Stat. 1057). The material facts are as follows:

The bankrupt, a merchant, held a lease of premises on Tremont street, Boston, occupied and used by him in connection with his business. He had an opportunity to sell the lease, but before deciding to do so he looked about for other premises in which he could continue his business, and finally found a store on Boylston street, which, with the outlay of certain money for improvements and repairs, including structural alterations, would be adapted to the bankrupt's business. He thereupon sold his interest in the lease covering the Tremont street store, and on the same day, to wit, November 28, 1919, signed a lease for the Boylston street premises, and, in addition, entered into a written agreement with the new lessor, by which the bankrupt agreed to pay a certain portion of the cost of the alterations and improvements, provided it exceeded $10,000. The term of the new lease was not to begin until February 1, 1920.

The referee finds that the work of alteration and repairs began in 1919, but that no money was paid out during that year; that the work was finished in 1920, and payments were made by the bankrupt in that year; that at the time of the signing of the agreement "both parties contemplated that the expenditures would reach a figure which would involve substantial payments by Hatch." The sale of the Tremont street lease yielded a substantial profit.

In his return of 1919 income, filed on an

accrual basis pursuant to the provisions of the Revenue Act of 1918, the bankrupt, in order to arrive at the net profits derived from the transaction, added to the cost of the Tremont street lease the estimated expenditures under the agreement with the owners of the Boylston street store, and in an amended return added to the market value of the lease on March 1, 1913, the actual expenditures made. The government disallowed this deduction from the gross profits to the extent of such expenditures, made an additional assessment on $21,111.85, and proved a claim for an additional tax of $7,-323.67, which claim the referee has allowed. It is the order of the referee allowing the claim that the trustee asks this court to review.

I do not understand the trustee to now claim that the amount paid for altering and repairing the Boylston street premises has any place in the determination of the profits derived from the sale of the Tremont street lease, considered as an independent transaction. He rather bases his objections to the allowance of the claim upon the ground that it was an ordinary and necessary expense incurred during the year 1919 in carrying on bankrupt's business, which expense, by the terms of section 214 (a) of the Revenue Act of 1918 (40 Stat. 1057 [Comp. St. Ann. Supp. 1919, § 6336⅛g]), covers rentals or other payments required to be made as a condition to the continued use or possession for the purposes of the trade, or business, of property to which the taxpayer has not taken, and is not taking, title, or in which he has no equity.

A greater part of the money expended was undoubtedly for improvements to the leasehold premises, rather than for ordinary and usual repairs. The government contends that the expenditures should be treated as "the cost borne by lessee in making permanent improvements on ground of which he is lessee," and that therefore, under article 109 of Regulations 45, the payment should be "held to be a capital investment, and not deductible as a business expense."

It becomes unnecessary, however, in my opinion, to determine what proportion of the expenses were capital investment and what proportion were business expenses, whether rental or otherwise, because in neither event were the expenditures a proper deduction from the income of the year 1919 under section 214 (a). Whether it could be deducted from the 1920 income, or apportioned over the period of the lease, are questions which are not raised in these proceedings, and, in view of lessee's bankruptcy, will not hereafter arise.

It is true that the agreement from which bankrupt's liability for the expenditures springs was executed late in 1919. From that fact the trustee argues that it was a business expense accruing in 1919, and therefore properly deductible as such expense from the income of 1919 in a return made on an accrual basis. I am unable to subscribe to that proposition. I do not think he would seriously contend that the rent reserved in the lease could be deducted from the income of 1919, merely because the lease was signed in 1919. In that year the obligation to pay the rent was fixed as firmly by the lease as the obligation to pay for improvements was fixed by the collateral agreement. If the expenditures for improvements are to be regarded as a business expense, they, as well as the rent reserved, were expenses accruing with reference to the business to be carried on during the year 1920 and subsequent years. The most that can be said for these expenditures is that they were payments required to be made as a condition to the use or possession of the leased premises for the purpose of bankrupt's business. No reason is suggested why these payments should be deducted from 1919 income, any more than the rent reserved in the lease.

I am satisfied that the action of the learned referee with reference to this claim was correct, and his order allowing the same is confirmed.

The creditor has filed certain requests for rulings. Requests A–1 to A–10, both inclusive, are granted. Requests B–1, B–2, and B–6 are granted. The other requests I am unable to give in exactly the form submitted, but in view of my opinion they become immaterial.